UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Roger Severino**,<br><br>             Plaintiff,<br><br>v.<br><br>**Joseph R. Biden Jr.**, in his official capacity as President of the United States; **Catherine M. Russell**, in her official capacity as director of the White House Presidential Personnel Office; **Gautam Raghavan**, in his official capacity as deputy director of the White House Presidential Personnel Office; **United States of America**,<br><br>             Defendants. | Case No. 1:21-cv-00314 |

## COMPLAINT

Plaintiff Roger Severino was recently appointed to the Council of the Administrative Conference of the United States (ACUS) by President Donald J. Trump. Mr. Severino received his Commission on January 16, 2021. The statute governing ACUS provides that Mr. Severino's term on the Council lasts for three years, and the statute makes no provision or allowance for at-will Presidential removal. *See* 5 U.S.C. § 595(b).

Yesterday, Mr. Severino received an e-mail from Gautam Raghavan, the deputy director of the White House Presidential Personnel Office. The e-mail was sent "on behalf of President Biden," and it asked Mr. Severino to resign from the Council by 5:00 P.M. today. Mr. Raghavan warned Mr. Severino that if he did not resign by that time, his "appointment to the Council will be terminated."

President Biden has no authority to terminate Mr. Severino's appointment to the Council under 5 U.S.C. § 595(b) or Article II of the Constitution. Mr. Severino seeks a temporary restraining order and preliminary injunction to prevent this unlawful removal.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Severino's claims occurred in this district.

## PARTIES

3. Plaintiff Roger Severino is a member of the Council of the Administrative Conference of the United States (ACUS).

4. Defendant Joseph R. Biden Jr. is President of the United States. President Biden is sued in his official capacity.

5. Defendant Catherine M. Russell is director of the White House Presidential Personnel Office. Ms. Russell is sued in her official capacity.

6. Defendant Gautam Raghavan is deputy director of the White House Presidential Personnel Office. Mr. Raghavan is sued in his official capacity.

7. Defendant United States of America is the federal government of the United States.

## THE ADMINISTRATIVE CONFERENCE OF THE UNITED STATES

8. The Administrative Conference of the United States (ACUS) is an independent agency of the federal government.

9. The Administrative Conference does not wield any executive power. It also does not exercise "quasi-legislative" or "quasi-judicial" powers. Its mission is to study

administrative procedures in federal programs and recommend improvements. *See* 5 U.S.C. § 594 (describing the powers and duties of the Administrative Conference).

10. The statute governing ACUS is called the Administrative Conference Act, and it is attached to this complaint as Exhibit 1.

11. A copy of the ACUS bylaws may be found on the Conference's website at https://www.acus.gov/policy/administrative-conference-bylaws.

12. The Administrative Conference consists of 75 to 101 members, as well as a small, full-time staff. *See* 5 U.S.C. § 593.

13. The chair of the Administrative Conference is appointed by the President, subject to Senate confirmation. *See* 5 U.S.C. § 593(b)(1). The chair serves a five-year term. *See id.*

14. The Council of the Administrative Conference functions as the Conference's board of directors. *See* 5 U.S.C. § 595(b) (describing the powers of the Council). The Council comprises the Chairman plus ten additional members appointed by the President for three-year terms. *See id.*

15. The Council's statutory powers are to:

> (1) determine the time and place of plenary sessions of the Conference and the agenda for the sessions. The Council shall call at least one plenary session each year;
>
> (2) propose bylaws and regulations, including rules of procedure and committee organization, for adoption by the Assembly;
>
> (3) make recommendations to the Conference or its committees on a subject germane to the purpose of the Conference;
>
> (4) receive and consider reports and recommendations of committees of the Conference and send them to members of the Conference with the views and recommendations of the Council;
>
> (5) designate a member of the Council to preside at meetings of the Council in the absence or incapacity of the Chairman and Vice Chairman;

> (6) designate such additional officers of the Conference as it considers desirable;
>
> (7) approve or revise the budgetary proposals of the Chairman; and
>
> (8) exercise such other powers as may be delegated to it by the Assembly.

5 U.S.C. § 595(b).

16. The Council has additional powers described in the ACUS bylaws, which include the powers to:

> Approve or deny Conference membership of non-Government persons proposed for appointment by the Chairman. Bylaws § 302.2(b); 5 U.S.C. § 593(b)(6).
>
> Approve or deny any Chairman request to the head of an appointing Government agency to designate a replacement member who is unwilling or unable to devote the necessary attention to Conference duties and approve or deny any Chairman proposal or attempt to terminate a non-Government member's appointment. Bylaws § 302.2(a).
>
> Approve or deny proposed Chairman appointments of persons who have served as members of or liaisons to the Conference for six or more years, former members who have served as members of the federal judiciary, or former Chairmen of the Conference, to the position of senior fellow and renewals of such appointments. Bylaws § 302.2(e).
>
> Approve or deny proposed Chairman appointments of persons who do not serve under any of the other official membership designations to the position of special counsel and renewals of such appointments. Bylaws § 302.2(f).
>
> Approve or deny additional standing committees proposed by the Chairman or proposals to rename, modify, or terminate any standing committee. Bylaws § 302.3(a).
>
> Approve or deny the Chairman establishing special ad hoc committees and assigning special projects to such committees and renewals or terminations of such committees. Bylaws § 302.3(b).

> Approve or deny the Chairman making liaison arrangements with representatives of the Congress, the judiciary, federal agencies that are not represented on the Conference, and professional associations, and the extension of such arrangement. Bylaws § 302.4(a), (b).

17. No more than five members of the Council may be employees of federal regulatory agencies or executive departments. *See* 5 U.S.C. § 595(b). The remaining Council members must be drawn from outside the federal government. *See id*.

18. The President may, if he wishes, designate one of the Council members as Vice Chair. *See* 5 U.S.C. § 595(b).

19. The Assembly of the Conference consists of the membership of ACUS meeting in plenary session. *See* 5 U.S.C. § 595(a). The Assembly has ultimate authority over all activities of the Administrative Conference. *See id*.

20. The Assembly of the Conference is an "advisory committee" subject to the Federal Advisory Committee Act (FACA), Pub. L. 92-463 (October 6, 1972). Accordingly, the public must be given notice in the Federal Register of meetings of the Assembly, its meetings are open to the public, and any documents provided to the Assembly are available to the public.

## FACTS

21. Plaintiff Roger Severino is a member of the Council of the Administrative Conference. Mr. Severino was appointed to the Council by former President Donald J. Trump, and he received his Commission on January 16, 2021.

22. The statute governing ACUS provides that Mr. Severino's term on the Council lasts for three years, and the statute makes no provision or allowance for at-will Presidential removal. *See* 5 U.S.C. § 595(b) ("The term of each member, except the Chairman, is 3 years.").

23. On February 2, 2021, Mr. Severino received an e-mail from Gautam Raghavan, the deputy director of the White House Presidential Personnel Office, that said:

> Good afternoon,
>
> I am writing on behalf of President Biden to request your resignation from the Administrative Conference of the United States Council by 5:00 p.m. ET tomorrow, Wednesday, February 3. If you do not resign by that time, your appointment to the Council will be terminated.
>
> Thank you for your time and service.

Exhibit 2.

24. Mr. Severino replied to this e-mail and wrote:

> Hello Gautam,
>
> Was surprised by your note. What are the grounds for the request for my resignation so early in my appointed term?
>
> Thanks,
>
> Roger

Exhibit 2.

25. Neither Mr. Raghavan nor anyone else from the White House has responded to Mr. Severino's e-mail.

26. Mr. Severino has not resigned and will not resign in response to President Biden's request, and he is facing a threat of imminent termination.

27. On information and belief, Mr. Raghavan has sent similar e-mails to ACUS Council members Jennifer Dickey, Andrew Kloster, and Daniel Epstein, asking them to resign and threatening them with termination if they do not resign by 5:00 P.M. eastern time today.

## CLAIM FOR RELIEF

28. President Biden has no statutory authority to terminate Mr. Severino's appointment to the Council. The statute governing ACUS provides that Mr. Severino's term "is 3 years," at it makes no provision or allowance for at-will presidential removal. *See Wiener v. United States*, 357 U.S. 349 (1958).

29. President Biden has no constitutional authority under Article II to terminate Mr. Severino's appointment to the Council. The Council does not wield *any* executive power—indeed, it does not wield any power at all as a purely advisory entity—so President Biden has no constitutional power to terminate Mr. Severino or any other member of the Council. *See Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183, 2199–2200 (2020) (acknowledging that the President has no constitutional prerogative to remove members of "multimember expert agencies that do not wield substantial executive power").

30. President Biden's threatened termination of Mr. Severino and his fellow members is therefore unlawful and should be promptly enjoined.

31. Mr. Severino brings his claim under the causes of action established in 5 U.S.C. § 704, 28 U.S.C. § 2201, and *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689–91 (1949).

## DEMAND FOR JUDGMENT

32. Mr. Severino respectfully requests that the court:
    a. declare that the defendants have no authority to terminate Mr. Severino's appointment to the Council;
    b. hold unlawful and set aside any action that terminates or threatens to terminate Mr. Severino's appointment;
    c. issue a temporary restraining order and preliminary and permanent injunctions that prevent the defendants from removing Mr. Severino

or his colleagues from the Council, and that restores their appointments to the Council if the President purports to remove them before this Court has opportunity to act;

d. award costs and attorneys' fees;

e. grant other and further relief that the Court may deem just, proper, or equitable.

                                    Respectfully submitted.

                                    /s/ Jonathan F. Mitchell
                                  JONATHAN F. MITCHELL
                                  DC Bar No. 496344
                                  Mitchell Law PLLC
                                  111 Congress Avenue, Suite 400
                                  Austin, Texas 78701
                                  (512) 686-3940 (phone)
                                  (512) 686-3941 (fax)
                                  jonathan@mitchell.law

Dated: February 3, 2021                     *Counsel for Plaintiff*